1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10   Terry Lewis,                                    CASE NO. 13cv3161-LAB (JLB)

11                              Petitioner,          ORDER DENYING MOTION FOR
                                                     APPOINTMENT OF COUNSEL
12        vs.

13   Tim A. Vargas, Warden,

14                              Respondent.          [ECF No. 16]

15

16        Before the Court is Petitioner's Motion for Appointment of Counsel. (ECF No.

17   16.)  For the reasons set forth below, the Motion is DENIED.

18        Petitioners do not have an absolute right to counsel for habeas corpus actions.

19   *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Rather, Title 18

20   § 3006A(a)(2) gives the district court discretion to appoint counsel for any habeas

21   corpus petitioner.  A court's discretion to appoint counsel may be exercised only under

22   "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

23   A finding of exceptional circumstances requires an evaluation of both the likelihood

24   of success on the merits and the ability of the petitioner to articulate his claims pro se

25   in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d

26   952, 954 (9th Cir. 1983).

27        Here, although Petitioner alleges that he has limited education and has had

28   psychiatric problems, Petitioner has neither demonstrated a likelihood of success on

- 1 -                                                          13cv3161

1   the merits nor shown that the complexity of the issues involved is sufficient to require

2   appointment of counsel.  Over a decade ago, on August 4, 2002, this district court in

3   civil case number 00cv2033-IEG (NLS) dismissed Petitioner's petition for writ of

4   habeas corpus pursuant to 28 U.S.C. § 2254 for failure to exhaust his state court

5   remedies.  (ECF No. 25-8.)  At that time, the district court adopted the Report and

6   Recommendation of the magistrate judge, which instructed Petitioner that, before filing

7   another petition in federal court, he must properly present his federal habeas claims to

8   the state courts and refile a federal habeas petition, and he must do so within the statute

9   of limitations for his claims.  (*See* ECF No. 25-7 at 10; ECF No. 25-8 at 5.)  Nearly

10   twelve years later, there is no evidence or argument before the Court that Petitioner has

11   filed anything with the state courts since receiving that instruction.

12       Thus, having reviewed Petitioner's requests for counsel in conjunction with the

13   case record, the Court concludes that appointment of counsel is not warranted in this

14   case.  Petitioner's Motion for Appointment of Counsel (ECF No. 16) is DENIED.

15

16

17   DATED:  October 20, 2014

18   _____
     JILL L. BURKHARDT
19   United States Magistrate Judge

20

21

22

23

24

25

26

27

28