# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TERRY LEWIS, | CASE NO. 13cv3161-LAB (JLB) |
|---|---|
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| TIM A. VAGAS, Warden | |
| Respondent. | [ECF Nos. 9, 24, 32, 34] |

Before the Court is Respondent's motion seeking dismissal of Petitioner Terry Lewis's petition for writ of habeas corpus on the grounds that the petition is barred by the statute of limitations requirement for the filing of habeas corpus petitions, and the petition's claims are unexhausted. The Court has reviewed the documents referenced on the docket, including the first amended petition (hereinafter the "petition"), the document titled "Traverse," the motion to dismiss, the response filed in opposition to the motion to dismiss, the motions to amend the petition, the lodgments, the record, and all the supporting documents submitted by both parties. For the reasons discussed below, the Court recommends the petition be DENIED.

/ / /

/ / /

## I.     Relevant Procedural History

On August 31, 2000, Petitioner Terry Lewis, a state prisoner proceeding pro se, first sought federal habeas corpus relief in this district court from a 1996 conviction and sentence imposed in a California superior court. (*See* ECF No. 25-2 at 9; 25-3.) In that case, which was assigned civil case number 00cv2033-IEG (NLS), Petitioner filed four amended petitions pursuant to 28 U.S.C. § 2254. (*See* ECF No. 25-8 at 3-4.) On August 4, 2002, the district court in civil case number 00cv2033-IEG (NLS) adopted Magistrate Judge Nita L. Stormes's report and recommendation that the Fourth Amended Petition be dismissed for failure to exhaust state court remedies with respect to federal claims. While Petitioner had filed a state collateral petition for review with the California Supreme Court prior to seeking habeas relief in federal court, he had failed to raise a single federal claim with the California Supreme Court in that petition.

In adopting the report and recommendation in civil case number 00cv2033-IEG (NLS), the district court found that Petitioner had sought collateral review of his criminal case through state habeas petitions filed in the California Superior Court and Supreme Court. (ECF No. 25-7 at 2-3; 25-8.) However, the district court concurred with the magistrate judge's conclusion that no federal claims had been presented to the California Supreme Court by way of habeas corpus. (*See* ECF No. 25-7 at 9-10; 25-8 at 3.) Thus, civil case number 00cv2033-IEG (NLS) was dismissed without prejudice for failure to exhaust state court remedies.

The district court's August 4, 2002 order of dismissal in civil case number 00cv2033-IEG (NLS) explicitly reminded Petitioner that he "should recall from the Court's previous Notice regarding Possible Failure to Exhaust and One-Year Statute of Limitations that AEDPA's statute does not run while a properly filed state habeas petition is pending, but <u>does</u> run while an unexhausted habeas petition is pending in federal court."[1] (ECF No. 25-8 at 5-6 (emphasis in original).) As per the earlier-issued

---

[1]     AEDPA is the acronym for The Antiterrorism and Effective Death Penalty Act of 1996.

report and recommendation, Petitioner's AEDPA statute of limitations period to file a habeas petition expired on November 13, 2000. (ECF No. 25-7 at 5-6.)

There is nothing in the record to suggest that Petitioner sought further judicial review of his 1996 conviction or sentence between August, 2002 and September, 2013.

Then, on September 25, 2013, Petitioner Terry Lewis submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to the Ninth Circuit Court of Appeals. (ECF No. 1.) On December 23, 2013, the Petition was transferred to this district court and this civil action was opened. (*See* ECF No. 2.) On January 3, 2014, District Judge Larry Alan Burns dismissed this action without prejudice "because Petitioner has failed to satisfy the filing fee requirement, failed to name a proper respondent, and failed to allege exhaustion of state judicial remedies."[2] (ECF No. 3.)

On February 27, 2014, Petitioner filed a twenty-five page first amended petition in this civil action.[3] (ECF No. 9.) On March 24, 2014, Petitioner filed a document titled "Traverse." (ECF No. 20.) On April 11, 2014, Respondent filed a motion to dismiss the petition on the grounds that the petition is barred by the AEDPA's statute of limitations, and the claims are unexhausted. (ECF No. 24.) On June 6, 2014, Petitioner filed a response to the motion, in which he asks the Court to appoint him counsel to oppose the motion. (ECF No. 29.) On August 29, 2014, Petitioner filed six-page and eight-page supplements to the operative petition, which are listed on the docket for this case as motions to amend. (ECF Nos. 32, 34.)

**II. Analysis**

As an initial matter, "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson*

---

[2] Petitioner's original petition in this case (ECF No. 1) was filed on form MC-275. Petitioner failed to answer the question on the form that addressed whether he had sought collateral review in state court of his 1996 conviction and sentence. (ECF No. 1 at 4.)

[3] In the petition, Petitioner provided the California Court of Appeal and California Supreme Court case numbers for his state collateral review of his 1996 conviction and sentence. (ECF No. 9 at 3-4.)

*v. Corcoran*, 131 S. Ct. 13, 16 (2010). The text of the habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a writ of habeas corpus "is unavailable for alleged error in the interpretation or application of state law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985); *Hubbart v. Knapp*, 379 F.3d 773, 779 (9th Cir. 2004).

### A.   Exhaustion of State Court Remedies

A state prisoner's section 2254 habeas petition may not be granted if state remedies are unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A); *McMonagle v. Meyer*, 766 F.3d 1151, 1156 (9th Cir. 2014) ("A habeas petitioner must exhaust all available state remedies before seeking review in a federal district court."). Exhaustion requires that the petitioner must have raised the claim in the state's highest court as a federal claim, not merely as a state law equivalent of that claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). The petitioner must give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process, which includes seeking discretionary review. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 841-47 (1999); *Farmer v. Baldwin*, 497 F.3d 1050, 1053 (9th Cir. 2007). Thus, in California, habeas petitioners are required to exhaust their claims in a petition for review to the California Supreme Court. *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).

Here, because Petitioner had yet to raise a single federal claim with the California Supreme Court, this district court in civil case number 00cv2033-IEG (NLS) directed Petitioner to return to state court to exhaust his state remedies. (ECF Nos. 25-7 at 9-10 and 25-8 at 5-6). That instruction was given in 2002. There is no evidence or argument before the Court that Petitioner has filed anything with the California Supreme Court since receiving that instruction.

/ / /

In the section of the petition for this action titled, Collateral Review in State Court, Petitioner lists a single California Supreme Court case number – S073304. In his document titled "Traverse," Petitioner also lists this case number. (*See* ECF Nos. 9 at 4; 20 at 1.)  That case number, S073304, is the assigned case number for the proceeding in which the California Supreme Court denied Petitioner's petition for review on November 4, 1998. (*See* ECF No. 25-2 at 8.)  Having reviewed the record, the Court finds that Petitioner did not seek further judicial review of his 1996 conviction or sentence in the state courts after 1998.

Thus, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed for failure to exhaust state court remedies.

**B.     Statute of Limitations**

The AEDPA governs this petition. *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). The AEDPA created a one-year statute of limitations requirement for the filing of habeas corpus petitions by a person in custody pursuant to the judgment of a state court.  *See* 28 U.S.C. § 2244(d). The statutory period may be subject to both statutory and equitable tolling.

Relevant here are the findings made in Petitioner's prior federal habeas case in this district court, civil case number 00cv2033-IEG (NLS). In that case, the magistrate judge found that Petitioner's AEDPA statute of limitations period to file a habeas petition expired on November 13, 2000. (ECF No. 25-7 at 5-6.) The magistrate judge further found that, as of May 6, 2002, there was "no indication in the record that equitable tolling is applicable," but that the then-operative petition was timely because it related back to the first petition filed in 2000. (*Id.*)  The first petition "was signed and dated for filing on August 31, 2000, well within the statute of limitations." (*Id.* at 6.) The habeas petition in Petitioner's civil case number 00cv2033-IEG (NLS) was dismissed for failure to exhaust state remedies in 2002.

The Court finds nothing in the record for this action that would alter the statute of limitations analysis conducted in civil case number 00cv2033-IEG (NLS).

Petitioner's AEDPA statute of limitations period to file a habeas petition expired on November 13, 2000.

Similarly, the Court finds nothing in the record for this action that would alter the conclusion made in civil case number 00cv2033-IEG (NLS) that equitable tolling is inapplicable. "To receive equitable tolling, a petitioner bears the burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation omitted). Petitioner does not argue for equitable tolling, and the record does not provide a basis for such tolling of Petitioner's November 13, 2000 deadline to file a habeas petition.

Petitioner's federal habeas petition is untimely by over twelve years. At best, Petitioner's operative petition relates back to September 23, 2013, the date he signed the petition for a writ of habeas corpus that was submitted to the Ninth Circuit Court of Appeals. (*See* ECF No. 1.) For statute of limitations purposes, Petitioner's operative habeas petition does not relate back to his August 31, 2000 habeas petition because that petition was no longer pending; it was dismissed for failure to exhaust state remedies. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) ("A second habeas petition does not relate back to a first habeas petition when the first habeas petition was dismissed for failure to exhaust state remedies"). The district court's August 4, 2002 order of dismissal in civil case number 00cv2033-IEG (NLS) cautioned Petitioner that any subsequently filed petition might be deemed untimely. (ECF No. 25-8 at 5-6.) The petition filed in this case is untimely.

Thus, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as time-barred under the AEDPA.

**III.   Conclusion**

The Court submits this Report and Recommendation to United States District Judge Larry Alan Burns under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d)(4) of the United States District Court for the Southern District of California.

In addition, IT IS HEREBY RECOMMENDED that the Court issue an order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered GRANTING the motions to amend (ECF Nos. 32 and 34) and accepting the pleadings as supplements to the operative petition, GRANTING the motion to dismiss (ECF No. 24), and DENYING the Petition for Writ of Habeas Corpus (ECF No. 9).

IT IS ORDERED that no later than **November 4, 2014** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **November 14, 2014**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: October 20, 2014

JILL L. BURKHARDT
United States Magistrate Judge