1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11   TERRY LEWIS,                              CASE NO.  13CV3161-LAB (JLB)

12                        Petitioner,          **ORDER ADOPTING REPORT
                                               AND RECOMMENDATION;**
13        vs.
                                               **ORDER GRANTING MOTION TO
14                                             AMEND;**

15                                             **ORDER GRANTING MOTION TO
                                               DISMISS; AND**
16   TIM A. VARGAS, Warden,
                                               **ORDER DENYING PETITION FOR
17                        Respondent.          WRIT OF HABEAS CORPUS**

18

19        Petitioner Terry Lewis, proceeding pro se, seeks federal habeas corpus relief from a

20   1996 conviction in a California Superior Court for first degree robbery. The facts underlying

21   his conviction are set forth in that court's denial of Lewis' appeal. (Lodgment 1A (Docket no.

22   25-2), Ex. A.) Because of the application of California's Three Strikes Law, his sentence was

23   significantly longer than that of his co-defendant.

24        Lewis filed his first federal habeas petition on October 11, 2000.  This petition was

25   dismissed without prejudice on October 30, 2000, because he did not submit the requisite

26   filing fee and failed to name the proper respondent. He wrote a number of amended petitions

27   and  in August 2002,  District  Judge Irma Gonzalez  dismissed the then-operative petition

28   //

1   without prejudice for failure to exhaust state court remedies. After this, Lewis filed nothing

2   in state court.

3       On December 23, 2013, Petitioner again filed a petition with this Court, and on

4   February 2, 2014 he amended it. The amended petition alleges (1) a violation of the Eighth

5   Amendment's prohibition on cruel and unusual punishment; (2) a violation of due process

6   because his co-defendant received a lesser sentence than he; (3) perjury by the victim; and

7   (4) ineffective assistance of trial counsel for advising Lewis not to testify. Lewis is requesting

8   relief for time served. The two supplements address the same points, and also ask the Court

9   to modify the trial court's Three Strikes analysis.  Although Lewis in various documents

10  denies taking the items that were stolen, he is pointing out his co-defendant physically

11  carried them away, and not raising an actual innocence claim. (See Amended Pet. at 9

12  (explaining that he had "a minor involvement in" the robbery)). In Lewis' second supplement,

13  he claims to have been in isolation for 17 years and unable to use the law library. (Docket

14  no. 34 at 7.) Whatever he may mean by this, the record makes clear he could, and did

15  pursue habeas relief in the interim, and that he is able to find and cite legal authority.

16      This matter was referred to Magistrate Judge Jill L. Burkhardt pursuant to 28 U.S.C.

17  § 636.  Judge Burkhardt issued her report and recommendation (the "R&R," Docket no. 36.)

18  The R&R recommended that the motions to amend (Docket nos. 32 and 34) be granted and

19  the pleadings accepted as supplements to the operative petition; the motion to dismiss

20  (Docket no. 24) be granted; and the petition be denied both for failure to exhaust state court

21  remedies, and as time-barred under 28 U.S.C. § 2444.

22      A district judge may accept, reject, or modify a magistrate judge's recommended

23  disposition.  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). The Court must

24  determine de novo any part of the R&R that has been properly objected to. See *id.*  Section

25  636(b)(1) does not, however, require some lesser review by the district court when no

26  objections are filed.  *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).  "The statute makes it

27  clear that the district judge must review the magistrate judge's findings and recommendations

28  //

de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Lewis filed objections to the R&R, but they focus entirely on his Eighth Amendment claim. He does not object to the R&R's recitation of the procedural history, or its determination that his petition is time-barred and his claims unexhausted and procedurally defaulted.

The Court has reviewed the R&R, finds its analysis to be correct, and ADOPTS it. Petitioner's motions to amend (Docket nos. 32 and 34) are GRANTED and the pleadings are ACCEPTED as supplements to the operative petition. Because it is clear the petition is time-barred and his claims are unexhausted and procedurally defaulted, the Court has no power to grant relief.  Respondent's motion to dismiss is GRANTED. The petition is DENIED and a certificate of appealability is also DENIED.

IT IS SO ORDERED.

DATED:  February 24, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge